IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

**ASHER WHITE**                                                                                      **PLAINTIFF**
**ADC #166867**

V.                          NO. 2:22-cv-00110-BSM-ERE

**CHARLES WOODYARD**                                                        **DEFENDANT**

### RECOMMENDED DISPOSITION

**I.      Procedure for Filing Objections:**

This Recommendation has been sent to United States District Judge Brian S. Miller. You may file written objections to all or part of this Recommendation. Any objections filed must: (1) specifically explain the factual and/or legal basis for the objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If no objections are filed, Judge Miller may adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

**II.     Summary:**

*Pro se* plaintiff Asher White, an inmate at the Delta Regional Unit of the Arkansas Division of Correction ("ADC"), filed this civil rights lawsuit under 42 U.S.C. § 1983. *Doc. 2*. Mr. White is currently proceeding on his claim that Dr. Charles Woodyard failed to provide him adequate dental care for broken teeth he

suffered during an inmate attack on September 6, 2021.[1] *Id. at 4*.

Dr. Woodyard has now filed a motion for summary judgment, a brief in support, and a statement of undisputed facts arguing that he is entitled to judgment as a matter of law on Mr. White's claims against him. *Docs. 42, 43, 44*. Mr. White has not responded to Dr. Woodyard's motion, and the time for doing so has passed. *Doc. 45*. The motion is ripe for review.

For the reasons explained below, Dr. Woodyard's motion for summary judgment (*Doc. 42*) should be GRANTED.

### III. Discussion:

#### A. Summary Judgment Standard

Summary judgment is appropriate when the record, viewed in a light most favorable to the nonmoving party, demonstrates that there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law. See FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 249-50 (1986). The moving party bears the initial burden of demonstrating the absence of a genuine dispute of material fact. *Celotex*, 477 U.S. at 323. Once that has been done, the nonmoving party must

---

[1] The Court previously determined that Mr. White abandoned his claims against Dexter Payne, Marshall Reed, P. Arnold, Thomas Hurst, Lieutenant Allen, and Corporal Collins. *Doc. 6*. In addition, the Court dismissed Mr. White's claims against Defendants Collins and Allen based on his failure to state a plausible claim for relief against those Defendants. *Doc. 38*.

come forward with specific facts demonstrating that there is a material dispute for trial. See FED. R. CIV. P. 56(c); *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011). A party is entitled to summary judgment if -- but only if -- the evidence shows that there is no genuine dispute about any fact important to the outcome of the case. See FED. R. CIV. P. 56; *Odom v. Kaizer*, 864 F.3d 920, 921 (8th Cir. 2017).

    B.    **Undisputed Factual History[2]**

On September 6, 2021, Mr. White notified ADC officials that another inmate had attacked him while he was asleep. *Doc. 44-1 at 1*. As a result of the attack, Mr. White suffered a laceration to his lip, a knot to his forehead, and two broken teeth. *Id*. ADC official transferred Mr. White to McGehee Hospital for treatment where he received stitches in his upper lip. *Id*.

On September 8, Dr. Woodyard examined Mr. White. *Doc. 44-2 at 1*. He noted that tooth #7 and tooth #8 were broken off at the gingiva and required extraction. *Id*. Dr. Woodyard told Mr. White that had to wait until the swelling was resolved, and the stitches were removed, before any dental procedures could be performed. *Id*.

On September 29, Dr. Woodyard examined Mr. White and placed him on the

---

[2] Unless otherwise indicated, these facts are taken from excerpts of Mr. White's medical records. *Doc. 44-1, Doc. 44-2, Doc. 44-4, Doc. 44-5, Doc. 44-6*.

surgery list for extraction. *Doc. 44-5 at 1-2*. At that time, Dr. Woodyard also ordered amoxicillin and ibuprofen for Mr. White. *Id*.

On October 27, Dr. Woodyard renewed Mr. White's prescriptions for amoxicillin and ibuprofen. *Id*.

On November 16, Dr. Woodyard extracted tooth #7 and tooth #8. *Id. at 2*.

## C.   Medical Deliberate Indifference

"[D]eliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (omitting quotations and citation). At the summary judgment stage, Mr. White "must clear a substantial evidentiary threshold" to show that Dr. Woodyard acted with deliberate indifference. *Johnson v. Leonard*, 929 F.3d 569, 576 (8th Cir. 2019). An inadvertent or negligent failure to provide adequate medical care does not amount to deliberate indifference.[3] *Id. at 575*. Instead, deliberate indifference requires culpability akin to criminal recklessness, which is more blameworthy than negligence but "something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Farmer v. Brennan*, 511 U.S. 825, 835 (1994).

---

[3] Mr. White's pleadings appear to assert only federal constitutional claims and those are the only claims addressed. Accordingly, it is not necessary to assess whether Dr. Woodyard acted negligently in violation of state law. See also 28 U.S.C. § 1367(c)(3) (district court may, once it has dismissed federal claims on which its original jurisdiction is based, decline to exercise jurisdiction over supplemental state law claims).

In addition, disagreement with treatment decisions alone cannot support a deliberate indifference claim. *Barr v. Pearson*, 909 F.3d 919, 921-22 (8th Cir. 2018).

Stated another way, Dr. Woodyard can be held liable only if his actions were "so inappropriate as to evidence intentional maltreatment or a refusal to provide essential care." *Dulany*, 132 F.3d at 1240-1241 (citing *Smith v. Jenkins*, 919 F.2d 90, 93 (8th Cir. 1990)). "Merely demonstrating that a prison doctor committed medical malpractice is insufficient to establish deliberate indifference." *Jackson v. Buckman*, 756 F.3d 1060, 1065-1066 (8th Cir. 2014) (internal citation omitted).

Dr. Woodyard submits the affidavit of Theodore Kondos, D.D.S., in support of his motion. *Doc. 44-3*. Dr. Kondos testifies that: (1) "[i]t was appropriate to wait until after the selling had resolved from the altercation before deciding further treatment" (*Id. at 2*); (2) because Mr. White's teeth were broken off at the gingiva, "Mr. White did not require emergency extraction" (*Id.*); and (3) he "believe[s] that the dental care and treatment provided to Mr. White by Dr. Woodyard was appropriate, adequate[,] and timely." *Id*.

Based on the undisputed evidence before the Court, no reasonable juror could conclude that Dr. Woodyard was deliberately indifferent to Mr. White's dental needs. Rather, to the contrary, Dr. Woodyard: (1) promptly responded to Mr. White's dental needs; (2) provided him pain medication; and (3) successfully extracted his teeth.

5

In addition, Mr. White has failed to come forward with any evidence contradicting Dr. Kondos' testimony that Dr. Woodyard provided Mr. White appropriate and adequate medical care.

On this factual record, which Mr. White fails to dispute, there is no genuine issue of material fact on the constitutional claims. As a result, Dr. Woodyard is entitled to judgment as a matter of law.

## IV.   Conclusion:

IT IS THEREFORE RECOMMENDED THAT:

1.   Defendant Woodyard's motion for summary judgment (*Doc. 42*) be GRANTED.

2.   Mr. White's claims be DISMISSED, with prejudice.

3.   The Clerk be instructed to close this case.

Dated 22 February 2024.

_____
UNITED STATES MAGISTRATE JUDGE